UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

===========================================X

H.S., an Infant by her Parents and Natural
Guardians, ROSE SPITZER and JOEL SPITZER, and
ROSE SPITZER and JOEL SPITZER, Individually,

<u>COMPLAINT</u>

Plaintiffs,

Civil Action No.: 1:19-cv-00015

-against-

ECF CASE

UNITED STATES OF AMERICA,
MAHMOUD IBRAHIM, M.D., and
NYACK HOSPITAL,

Defendants.

===========================================X

Plaintiffs, H.S., an Infant by her Parents and Natural Guardians, ROSE SPITZER and JOEL SPITZER, and ROSE SPITZER and JOEL SPITZER, Individually, by their attorneys, KRAMER, DILLOF, LIVINGSTON & MOORE, ESQS, complaining of the defendants, respectfully show to this Court and allege, as follows:

<u>JURISDICTION AND VENUE</u>

1. This action arises, in part, under the Federal Tort Claims Act, 28 U.S.C. 1346(b), 2671-2680. This Court is vested with jurisdiction pursuant to 28 U.S.C. 1346(b). Jurisdiction is appropriate in this Court insofar as a Federal Question is presented under the Federal Tort Claims Act.

2. If the defendant UNITED STATES OF AMERICA were a private individual, based on the facts alleged herein, it would be liable to the plaintiffs in accordance with the laws of the State of New York.

1

3. The claim set forth herein was presented to the Department of Health and Human Services on March 1, 2018 by personally delivering a Standard Form 95, as required by 28 C.F.R. 14.2, for damages in the amount of $30,000,000.00.

4. On or about March 28, 2018, the defendant UNITED STATES OF AMERICA, by Megan R. Donley, Paralegal Specialist, Claims Office, Department of Health and Human Services, Office of the General Counsel, acknowledged receipt of the perfected claim and requested additional documents and information which were subsequently provided.

5. On or about July 12, 2018, the Department of Health and Human Services by William A. Biglow, Deputy Associate General Counsel, Claims and Employment Law branch denied the claim and gave notice of final determination of the administrative tort claim pursuant to 28 USC Sections 2401(b) and 2675(a) and instructed that the plaintiffs may file suit in the appropriate federal district court within six (6) months from the mailing of said denial pursuant to 28 USC Section 2401(b).

6. Six months have not passed since the denial of plaintiffs' claim and all prerequisites for commencement of an action against the defendant UNITED STATES OF AMERICA have been complied with and completed and therefore this action is timely.

7. Jurisdiction exists in this Court pursuant to 28 U.S.C. 1331, as this action arises under the Constitution, laws and treaties of the United States, including the Federally Supported Health Centers Assistance Act of 1992, Pub. L. No. 102-501, 106 Stat. 3268, and the Federally Supported Health Centers Assistance Act of 1995, Pub. L. No. 104-73, 109 Stat. 777, codified as amended at 42 U.S.C. 201 et seq.

8. As stated in 42 U.S.C. 233(g)(1)(A), at all times herein mentioned, the Federal Tort Claims Act is the exclusive remedy for injuries caused by all agents, servants and/or

2

employees of Ezras Choilim Health Center, Inc. (collectively hereinafter "Ezras Choilim") including Joel Allen, M.D. At all times herein mentioned, Ezras Choilim, funded and/or operated by the defendant UNITED STATES OF AMERICA, employed physicians, including Joel Allen, M.D., nurses, midwives, interns, residents, physicians' assistants, student nurses, and other personnel over which it exercised control and supervision, with the right to employ and discharge such employees.

9. The venue of this action is proper because the acts and omissions that form the subject matter of this action occurred in this judicial district and are premised upon the fact that the transactions and occurrences that form the basis of plaintiffs' complaint took place at the defendant NYACK HOSPITAL in the County of Rockland, in the State of New York, in the Southern District of the State of New York, as well as the fact that plaintiffs reside in the County of Orange, in the Southern District of the State of New York and the Ezras Choilim Health Center is located in Monroe, New York in the Southern District of the State of New York, in the County of Orange.

10. The court has supplemental jurisdiction over additional parties/defendants MAHMOUD IBRAHIM, M.D. and NYACK HOSPITAL pursuant to 28 USCA Section 1367 as the plaintiffs' claims against these defendants are so related to the claims in the action within original jurisdiction against the defendant UNITED STATES OF AMERICA that they form part of the same case or controversy under Article III of the United States Constitution.

## PARTIES

11. The infant plaintiff H.S. is the minor child of her mother plaintiff ROSE SPITZER and her father plaintiff JOEL SPITZER who sue as the natural guardians of H.S. and also individually.

12. At all times herein mentioned, plaintiffs resided, and continue to reside, at 20 Fillimore Court, Monroe, N.Y. 11021, County of Orange, in the Southern District of the State of New York.

13. At all times herein mentioned, Ezras Choilim was, and is, a domestic not-for-profit corporation, organized and existing pursuant to the laws of the State of New York.

14. At all times herein mentioned, the defendant UNITED STATES OF AMERICA, funded, operated, managed, owned and/or controlled Ezras Choilim located at 49 Forest Road, Monroe, N.Y. 10950, County of Orange, in the Southern District of the State of New York.

15. At all times herein mentioned, Ezras Choilim funded and/or operated by the defendant UNITED STATES OF AMERICA employed physicians, including Joel Allen, M.D., nurses, midwives, interns, residents, physicians' assistants, student nurses, and other personnel over which it exercised control and supervision, with the right to employ and discharge such employees.

16. At all times herein mentioned, Ezras Choilim was a Federal clinic, funded by the Department of Health and Human Services, an agency of the defendant UNITED STATES OF AMERICA, and was within its mandate and authority.

17. It was the duty of the defendant UNITED STATES OF AMERICA to reasonably care for, treat, and supervise its patients, including the plaintiffs herein, who sought and

4

obtained treatment from health professionals employed by Ezras Choilim, including Joel Allen, M.D.

18. At all times herein mentioned, Ezras Choilim was a non-profit private entity receiving Federal funds under section 330 of the Public Health Service Act (42 U.S.C. 254b(e)).

19. At all times herein mentioned, Ezras Choilim and its employees, including Joel Allen, M.D., were deemed eligible for Federal Tort Claims Act coverage and eligible to be deemed employees of the Public Health Service for the purposes of the Federal Tort Claims Act (42 U.S.C. 233(g)(1)(A)), and were acting within the scope of their office and employment.

20. At all times herein mentioned, Joel Allen, M.D. was a physician duly licensed to practice medicine in the State of New York, maintaining an office for his practice at Ezras Choilim located at 49 Forest Road, Monroe, N.Y. 10950.

21. At all times herein mentioned, the infant plaintiff H.S. and her mother plaintiff ROSE SPITZER were patients of Joel Allen, M.D.

22. At all times herein mentioned, Joel Allen, M.D. was an agent, servant and/or employee and/or affiliated with Ezras Choilim, deemed eligible for Federal Tort Claims Act Coverage and eligible to be deemed an employee of the Public Health Service for the purposes of the Federal Tort Claims Act (42 U.S.C. 233(g)(1)(A)), and was acting within the scope of his office or employment.

23. At all times herein mentioned, Joel Allen, M.D. was authorized to provide care and treatment at Ezras Choilim and was an employee of the defendant UNITED STATES OF AMERICA.

y

24. At all times herein mentioned, Joel Allen, M.D., was authorized to provide care and treatment at Ezras Choilim and at defendant NYACK HOSPITAL.

25. At all times herein mentioned, Ezras Choilim, the defendant UNITED STATES OF AMERICA and NYACK HOSPITAL were agents, servants and/or employees of each other with respect to the care and treatment of the infant plaintiff H.S. and her mother plaintiff ROSE SPITZER.

26. At all times herein mentioned, defendant MAHMOUD IBRAHIM, M.D. was a physician duly licensed to practice medicine in the State of New York, maintaining an office for his practice at 300 Old Country Drive, Manhasset, N.Y. 11030.

27. At all times herein mentioned, the infant plaintiff H.S. was a patient of MAHMOUD IBRAHIM, M.D.

28. At all times herein mentioned, defendant MAHMOUD IBRAHIM, M.D. was authorized to provide care and treatment at defendant NYACK HOSPITAL.

29. At all times herein mentioned, defendant MAHMOUD IBRAHIM, M.D. was an agent, servant and/or employee of defendant NYACK HOSPITAL.

30. At all times herein mentioned, defendants MAHMOUD IBRAHIM, M.D. and NYACK HOSPITAL were agents, servants and/or employees of each other with respect to the care and treatment of the infant plaintiff H.S. and her mother plaintiff ROSE SPITZER.

31. At all times herein mentioned, plaintiffs H.S. and ROSE SPITZER were patients of defendant NYACK HOSPITAL.

32. At all times herein mentioned, defendant NYACK HOSPITAL was a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

24. At all times herein mentioned, Joel Allen, M.D., was authorized to provide care and treatment at Ezras Choilim and at defendant NYACK HOSPITAL.

25. At all times herein mentioned, Ezras Choilim, the defendant UNITED STATES OF AMERICA and NYACK HOSPITAL were agents, servants and/or employees of each other with respect to the care and treatment of the infant plaintiff H.S. and her mother plaintiff ROSE SPITZER.

26. At all times herein mentioned, defendant MAHMOUD IBRAHIM, M.D. was a physician duly licensed to practice medicine in the State of New York, maintaining an office for his practice at 300 Old Country Drive, Manhasset, N.Y. 11030.

27. At all times herein mentioned, the infant plaintiff H.S. was a patient of MAHMOUD IBRAHIM, M.D.

28. At all times herein mentioned, defendant MAHMOUD IBRAHIM, M.D. was authorized to provide care and treatment at defendant NYACK HOSPITAL.

29. At all times herein mentioned, defendant MAHMOUD IBRAHIM, M.D. was an agent, servant and/or employee of defendant NYACK HOSPITAL.

30. At all times herein mentioned, defendants MAHMOUD IBRAHIM, M.D. and NYACK HOSPITAL were agents, servants and/or employees of each other with respect to the care and treatment of the infant plaintiff H.S. and her mother plaintiff ROSE SPITZER.

31. At all times herein mentioned, plaintiffs H.S. and ROSE SPITZER were patients of defendant NYACK HOSPITAL.

32. At all times herein mentioned, defendant NYACK HOSPITAL was a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York.

33. At all times herein mentioned, the infant plaintiff H.S. and her mother, plaintiff ROSE SPITZER, were patients of defendant NYACK HOSPITAL.

34. At all times herein mentioned, defendant NYACK HOSPITAL was the owner of a hospital known as NYACK HOSPITAL located at 160 North Midland Avenue, Nyack, New York 10960, County of Rockland in the Southern District of New York.

35. At all times herein mentioned, defendant NYACK HOSPITAL operated, managed and controlled the aforesaid hospital.

36. At all times herein mentioned, all of the physicians, physicians' assistants, nurses, medical assistants and other personnel involved in the medical diagnosis, care and treatment of the plaintiffs H.S. and ROSE SPITZER at the defendant NYACK HOSPITAL, including but not limited to Joel Allen, M.D. and defendant MAHMOUD IBRAHIM, M.D., were agents, servants and/or employees of Ezras Choilim and/or of the defendant UNITED STATES OF AMERICA and/or the defendant NYACK HOSPITAL.

37. At all times herein mentioned, Joel Allen, M.D. and defendant MAHMOUD IBRAHIM, M.D. were agents, servants and/or employees of each other, Ezras Choilim, defendant NYACK HOSPITAL and of the defendant UNITED STATES OF AMERICA.

## AS AND FOR THE FIRST CAUSE OF ACTION

38. Plaintiffs repeat, reallege and reiterate each and every allegation contained in paragraphs 1 through 37, inclusive, with the same force and effect as if hereinafter set forth at length.

39. At all times herein mentioned, the infant plaintiff H.S. and her mother plaintiff ROSE SPITZER were patients of Ezras Choilim.

40. At all times herein mentioned, the infant plaintiff H.S. and her mother plaintiff ROSE SPITZER were patients of Joel Allen, M.D.

7

41. At all times herein mentioned, the infant plaintiff H.S. and her mother plaintiff ROSE SPITZER were patients of defendant MAHMOUD IBRAHIM, M.D.

42. At all times herein mentioned, the infant plaintiff H.S. and her mother plaintiff ROSE SPITZER were patients of defendant NYACK HOSPITAL.

43. Beginning in and about October 2015, and continuing throughout her pregnancy with the infant plaintiff, the mother of the infant plaintiff was a patient of Joel Allen, M.D., in his capacity as employee and agent of Ezras Choilim and defendant UNITED STATES OF AMERICA and was under the obstetrical management, diagnosis, care and treatment of Joel Allen, M.D., in his capacity as employee and agent of Ezras Choilim and defendant UNITED STATES OF AMERICA for her pregnancy with the infant plaintiff, and on or about July 4, 2016, the mother of the infant plaintiff was admitted to NYACK HOSPITAL, under the obstetrical, medical, and surgical management, diagnosis, care and treatment of the defendants, their agents, servants and/or employees, and the infant plaintiff H.S. was delivered of her mother, plaintiff ROSE SPITZER, by the defendants, their agents, servants, and/or employees on or about July 5, 2016, at 4:48am, and, thereafter, the infant plaintiff remained under the continuing neonatal, pediatric and surgical diagnosis, care and treatment of the defendants, their agents, servants and/or employees until her discharge from NYACK HOSPITAL on or about July 5, 2016, and as a result of the foregoing diagnosis, care, and treatment by the defendants, their agents, servants and/or employees, beginning on or about July 4, 2016 when the mother of the infant plaintiff entered NYACK HOSPITAL, and during the labor, delivery periods, perinatal, antepartum, intrapartum, postpartum, neonatal, preoperative, operative, postoperative and pediatric periods, the infant plaintiff H.S. sustained severe injuries and

complications, including but not limited to hypoxic ischemic encephalopathy, developmental delays and brain injury.

44. At all pertinent times while infant plaintiff H.S. and her mother plaintiff ROSE SPITZER were under their care and at the time of the aforesaid malpractice, Joel Allen, M.D., was acting as the agent, servant and/or employee of the defendant UNITED STATES OF AMERICA. As such, the defendant UNITED STATES OF AMERICA is vicariously liable for the acts and/or omissions of Joel Allen, M.D. under the principles of agency and doctrine of Respondeat Superior.

45. Said occurrence was due to the carelessness and negligence of the defendants, their agents, servants and/or employees in failing to provide proper care to the mother of the infant plaintiff and to the infant plaintiff in utero, and in failing to deliver the infant plaintiff in a good, accepted and proper medical manner, and in failing to provide good, accepted and proper neonatal, and pediatric care, all without any fault or lack of care on the part of the plaintiffs herein.

46. The aforementioned injuries sustained by the infant plaintiff H.S., were proximately caused by the carelessness, negligence and malpractice of the defendant UNITED STATES OF AMERICA through its agents and employees at Ezras Choilim, including but not limited to Joel Allen, M.D., while they were acting within the scope of their office or employment and by the carelessness, negligence and malpractice of the defendants MAHMOUD IBRAHIM, M.D. and NYACK HOSPITAL.

47. By reason of the foregoing carelessness and negligence of the defendants, their agents, servants and/or employees, the infant plaintiff H.S. sustained severe and serious personal injuries, a severe shock to her nervous system and certain internal injuries, and was

caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief these injuries are of a permanent and lasting nature; that the infant plaintiff was and will continue to be confined to her bed, home, and medical institutions as a result thereof, and was and will continue to be incapacitated from attending to her regular activities, and there was and will be caused to be expended sums of money for medical and hospital care on her behalf.

48. That the foregoing occurrences were the direct and proximate cause of the breaches in the standard of care by Joel Allen, M.D., and/or other agents, servants and/or employees of defendant UNITED STATES OF AMERICA, as well as by defendant MAHMOUD IBRAHIM, M.D. and other agents, servants and/or employees of defendant NYACK HOSPITAL, as a result of which plaintiff has incurred pain, suffering, mental anguish and associated damages.

AS AND FOR THE SECOND CAUSE OF ACTION
FOR LACK OF INFORMED CONSENT

49. Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the complaint marked and designated 1 through 48 inclusive, with the same force and effect as if hereinafter set forth at length.

50. Defendants failed to inform the infant plaintiff's mother of the risks, hazards and alternatives connected with the procedures performed and/or treatments rendered in connection with the pregnancy, labor, birth and neonatal treatment given to the infant plaintiff, so that an informed consent could be given.

51. Reasonably prudent persons in the position of the infant plaintiff's mother would not have consented to the procedures performed and/or treatment rendered in connection with

the labor, birth and neonatal treatment to the infant plaintiff, if she had been fully informed of the risks, hazards and alternatives connected with said procedures and treatment.

52. The failure to adequately and fully inform the infant plaintiff's mother of the risks, hazards and alternatives of the procedures performed and treatment rendered in connection with the labor, birth and neonatal treatment to the infant plaintiff, is a proximate cause of the injuries sustained by the infant plaintiff H.S.

53. As a consequence of the foregoing, there was no informed consent to the procedures performed and/or treatment rendered in connection with the labor, birth and neonatal care to the infant plaintiff.

54. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR LOSS OF SERVICES

55. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in those paragraphs of the complaint marked and designated 1 through 54 inclusive, with the same force and effect as if hereinafter set forth at length.

56. By reason of the foregoing, plaintiffs ROSE SPITZER and JOEL SPITZER were and will continue to be deprived of the services of their infant daughter, H.S. and were and will be caused to become obliged to expend sums of money for medical and hospital care on her behalf.

57. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR NEGLIGENT HIRING

58. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in those paragraphs of the complaint marked and designated 1 through 57 inclusive, with the same force and effect as if hereinafter set forth at length.

59. Defendant NYACK HOSPITAL, prior to the granting or renewing of privileges or employment of defendants, residents, nurses and others involved in infant plaintiff's care failed to investigate the qualifications, competence, capacity, abilities and capabilities of said defendants, residents, nurses and other employees, including but not limited to obtaining the following information: patient grievances, negative health care outcomes, incidents injurious to patients, medical malpractice action commenced against said persons, including the outcome thereof, any history of association, privilege and/or practice at other institutions, and discontinuation of said association, employment, privilege and/or practice at said institution, and any pending professional misconduct proceedings in this State or another State, the substance of the allegations in such proceedings and any additional information concerning such proceedings and the findings of the proceedings and NYACK HOSPITAL failed to make sufficient inquiry of the physicians, nurses and/or employees and institutions which should and did have information relevant to the capacity, capability, ability and competence of said persons rendering treatment.

60. Had the defendant NYACK HOSPITAL made the above stated inquiry or in the alternative had it reviewed and analyzed the information obtained in a proper manner, privileges and/or employment would not have been granted and/or renewed.

12

61. NYACK HOSPITAL was additionally negligent in making rules and regulations, and failed to supervise the treatment of the infant plaintiff and her mother.

62. By reason of the defendant NYACK HOSPITAL's failure to meet the aforementioned obligations, the infant plaintiff and her mother were treated by physicians, nurses and/or other employees at NYACK HOSPITAL who were lacking the requisite skills, abilities, competence, capacity and supervision as a result of which the infant plaintiff sustained personal injuries and complications.

63. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

AS AND FOR A FIFTH CAUSE OF ACTION
FOR NEGLIGENT HIRING

64. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 63 of this complaint, inclusive, as if hereinafter set forth at length.

65. The defendant, UNITED STATES OF AMERICA at Ezras Choilim, prior to the granting or renewing of privileges or employment to physicians, nurses, nurse midwives and others involved in the care of the plaintiffs, failed to investigate the qualifications, competence, capacity, abilities and capabilities of said physicians, nurses and other employees, including, but not limited to the following information: patient grievances; negative health care outcomes; incidents injurious to patients; professional malpractice actions commenced against such persons, including the outcome thereof; any history of association, privilege and/or practice at other institutions; any discontinuation of said association, employment privilege and/or practice at said institution; and any pending proceeding in this State or another State, the substance of the allegations in such proceedings and any additional information concerning such proceedings, and failed to

13

make sufficient inquiry of the physicians, nurses, nurse midwives, and/or employees and institutions that did and should have information relevant to the competence, capacity, abilities, and capabilities of such persons rendering treatment.

66. Had the defendant UNITED STATES OF AMERICA at Ezras Choilim made the above-stated inquiry, or in the alternative, had these health care centers reviewed and analyzed the information obtained in a proper manner, privileges and/or employment would not have been granted or renewed.

67. By reason of the health care center's failure to meet the aforementioned obligation, infant plaintiff H.S. and her mother ROSE SPITZER was treated by nurse midwives, physicians, nurses and other personnel who were lacking the requisite skills, abilities, competence and capacity, as a result of which, infant plaintiff H.S. sustained severe injuries and complications.

WHEREFORE, plaintiffs H.S., an Infant by her Parents and Natural Guardians, ROSE SPITZER and JOEL SPITZER, and ROSE SPITZER and JOEL SPITZER, Individually by their attorneys, KRAMER, DILLOF, LIVINGSTON & MOORE, ESQS., hereby demand judgment against the defendant in the amount of THIRTY MILLION DOLLARS ($30,000,000.00) compensatory damages for plaintiffs H.S., an Infant by her Parents and Natural Guardians,

ROSE SPITZER and JOEL SPITZER, and ROSE SPITZER and JOEL SPITZER, Individually, together with the costs and disbursements of this action and the interest imposed thereon.

Dated: New York, New York
      January 2, 2019

                    Respectfully Submitted,

                      KRAMER, DILLOF, LIVINGSTON & MOORE, ESQS.

                          /S/
                      By:  Diane C. Cooper (DC-7314)
                      Attorneys for plaintiff
                      217 Broadway
                      New York, New York 10007
                      (212) 267-4177
                      dcooper@kdlm.com


TO:
UNITED STATES OF AMERICA
C/o MATTHEW G. WHITAKER
ATTORNEY GENERAL OF THE UNITED STATES
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

MATTHEW G. WHITAKER
ATTORNEY GENERAL OF THE UNITED STATES
Department of Justice
Room 5111
10th & Constitution Avenue, NW
Washington, D.C. 20530

CIVIL PROCESS CLERK
OFFICE OF THE UNITED STATES ATTORNEY
86 Chambers Street
New York, New York 10007

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES
Business and Administrative Law Division
DHHS Office of the General Counsel
330 Independence Avenue, S.W., Room 5326
Washington, D.C. 20201

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES
Office of the General Counsel
200 Independence Avenue, S.W.
Washington, DC 20201

**MAHMOUD IBRAHIM, M.D.**
300 Old Country Drive
Manhasset, N.Y. 11030

**NYACK HOSPITAL**                                              **& Secretary of State**
160 North Midland Avenue
Nyack, N.Y. 10960

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

=========================================X

H.S., an Infant by her Parents and Natural Guardians, ROSE SPITZER and JOEL SPITZER, and ROSE SPITZER and JOEL SPITZER, Individually,

      Plaintiffs,

 -against-

UNITED STATES OF AMERICA, MAHMOUD IBRAHIM, M.D., and NYACK HOSPITAL,

      Defendants.

=========================================X

ATTORNEY VERIFICATION

Civil Action No.: 1:19-cv-00015
ECF CASE

  **DIANE C. COOPER,** an attorney duly admitted to practice law in the Courts of the State of New York, and an associate of the law firm **KRAMER, DILLOF, LIVINGSTON & MOORE, ESQS.,** attorneys for the plaintiffs **H.S., an Infant by her Parents and Natural Guardians, ROSE SPITZER and JOEL SPITZER, and ROSE SPITZER and JOEL SPITZER, Individually,** in the within action, hereby affirms the following under the penalties of perjury:

  That I have read the within Summons and Verified Complaint and know the contents thereof, and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

  That the source of my information and knowledge are investigations and records in the file.

  That the reason this verification is made by affirmant and not by plaintiffs is that plaintiffs do not reside within the County that the firm with which I am associated maintains an office.

Dated: New York, New York
   January 2, 2019

         /S/
        Diane C. Cooper (DC-7314)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
H.S., an Infant by her Parents and Natural
Guardians, ROSE SPITZER and JOEL SPITZER, and
ROSE SPITZER and JOEL SPITZER, Individually,

**Certificate of Merit**

Plaintiffs,

Civil Action No.:1:19-cv-00015
ECF CASE

-against-

UNITED STATES OF AMERICA,
MAHMOUD IBRAHIM, M.D., and
NYACK HOSPITAL,

Defendants.
------------------------------------------------------------------X

**DIANE C. COOPER**, an attorney duly admitted to practice law in the Courts of the State of New York, and an associate of the firm **KRAMER, DILLOF, LIVINGSTON & MOORE, ESQS.**, attorneys for the plaintiffs H.S., an Infant by her Parents and Natural Guardians, ROSE SPITZER and JOEL SPITZER, and ROSE SPITZER and JOEL SPITZER, Individually in the within action, hereby affirms the following under the penalties of perjury:

I have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice medicine in the State of New York or any other State and whom I reasonably believe is knowledgeable in the relevant issues involved in this matter. I have concluded on the basis of that review and consultation that there is a reasonable basis for the commencement of this action.

Dated: New York, New York
      January 2, 2019.

                                              /S/
                                   Diane C. Cooper    (DC-7314)