UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

H.S., an Infant by her Parents and Natural
Guardians, ROSE SPITZER and JOEL SPITZER,
and ROSE SPITZER and JOEL SPITZER,
Individually,

        Plaintiffs,

    v.

UNITED STATES OF AMERICA and NYACK
HOSPITAL,

        Defendants.

19 Civ. 00015 (CS)

**INFANT'S COMPROMISE ORDER**

Upon consideration of the motion of Plaintiffs Rose and Joel Spitzer, the parents and natural guardians of Plaintiff H.S., an infant, seeking the Court's approval pursuant to Local Civil Rule 83.2(a) as to the reasonableness of a settlement between the United States of America ("the United States") and Plaintiffs and a settlement between Nyack Hospital and Plaintiffs; and upon all the pleadings, exhibits, and proceedings herein;

WHEREAS, the complete and precise terms and conditions of the settlements are set forth in the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 (hereinafter, "the U.S. Stipulation"), attached as Exhibit A hereto, and the Settlement Agreement (hereinafter, "the Nyack Stipulation"), attached as Exhibit B hereto;

WHEREAS, the Court has reviewed the U.S. Stipulation and the Nyack Stipulation (together, the "Stipulations"), Plaintiffs Rose and Joel Spitzer's motion, and the above-referenced evidence submitted by Plaintiffs in favor of this settlement;

WHEREAS, the Court has concluded that the aforementioned infant has sustained a "birth-related neurological injury" and is a "qualified plaintiff" as defined under Public Health Law §§ 2999-h(1) and 2999-h(4) and therefore eligible for enrollment in the New York State Medical Indemnity Fund ("the Fund"), and that in the event the administrator of the Fund determines that H.S. is a qualified Plaintiff, all payments for future medical expenses shall be paid in accordance with Public Health Law § 2999-j, in lieu of that portion of the settlement that provides for payment of such expenses;

WHEREAS, the Court has found that the terms and conditions of this settlement, as set forth in the Stipulations, and in light of the above-referenced filings and proceedings, are fair, reasonable, and in the best interests of the infant Plaintiff, H.S.;

NOW, upon motion of KRAMER, DILLOF, LIVINGSTON & MOORE, attorneys for the Plaintiffs, it is hereby,

ORDERED, that the Stipulations comply in all respects with General Obligations Law ("GOL") § 15-108, the Court finding that Plaintiffs, the United States, and Nyack Hospital have entered into the Stipulations in good faith and that Plaintiffs have released their claims against the United States and their claims against Nyack Hospital in good faith, prior to the entry of judgment, subject to the satisfaction of the terms and conditions set forth in the Stipulations; and it is further,

ORDERED, that Rose and Joel Spitzer, the parents and natural guardians of the infant H.S., are hereby authorized and empowered to settle and compromise all causes of action that have been brought on behalf of the infant Plaintiff, H.S., against the United States and Nyack Hospital, in accordance with the Stipulations, attached as Exhibits A & B to this Order,

including by executing and delivering the Stipulations and any other documents or instruments necessary to effectuate said settlement; and it is further,

ORDERED, that the infant Plaintiff, H.S. is hereby ordered and deemed to be a "qualified plaintiff" as defined under Public Health Law § 2999-h(4), having sustained a "birth-related neurological injury" within the meaning of Public Health Law § 2999-h(4), and the settlement includes provision for all future medical expenses to be paid in accordance with Public Health Law § 2999-j, in lieu of that portion of the settlement that provides for payment of such expenses; and it is further,

ORDERED, that as soon as practicable, Rose and/or Joel Spitzer, as parents and natural guardians of H.S., by and through their attorneys, Kramer, Dillof, Livingston & Moore, shall submit an application on behalf of the Infant Plaintiff for enrollment in the Fund; and it is further,

ORDERED, that Rose and/or Joel Spitzer, as parents and natural guardians of H.S., be and hereby are authorized to enter into a compromise of the causes of action of said infant Plaintiff against the United States and Nyack Hospital, for upfront cash and enrollment in the Fund in the total amount of Three Million Three Hundred Thousand Dollars ($3,300,000.00) with a breakdown as follows: One Million Four Hundred Thousand Dollars ($1,400,000.00) payable by the United States and One Million Nine Hundred Thousand Dollars ($1,900,000.00) payable by Nyack Hospital for all claims other than future medical expenses and legal fees ("the non-Fund damages") and for damages in the amount of $2,026,027.00 being allocated for future medical expenses payable by the Fund ("Fund damages"); and it is further,

ORDERED, that the United States shall pay the total sum of One Million Four Hundred Thousand Dollars ($1,400,000.00), as provided by the terms and conditions of the U.S. Stipulation, and only after the stated conditions are met, including that the Fund has made a final determination that the infant is covered by said Fund and that her future medical care costs will be paid by said Fund, and approval of the settlement by the Attorney General of the United States or his designee; and it is further,

ORDERED, that the Nyack Hospital shall pay the total sum of One Million Nine Hundred Thousand Dollars ($1,900,000.00), as provided by the terms and conditions of the Nyack Stipulation, and only after the stated conditions are met, including that the Fund has made a final determination that the infant is covered by said Fund and that her future medical care costs will be paid by said Fund, and approval of the settlement by Nyack Hospital or its designee; and it is further,

ORDERED, that Plaintiffs are legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or healthcare providers, arising from the subject matter of this action. Plaintiffs, by and through their attorneys, must satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including Medicaid or Medicare, as further specified in the U.S. Stipulation; and it is further,

ORDERED, that the lien held by Orange County Department of Social Services in the amount of $42,890.00 (attached as Exhibit C) will be paid out of the non-Fund damages portion of the settlement; and it is further,

ORDERED, that based upon the statutory requirements of Public Health Law code §
2999, the attorneys fee is calculated as follows: the total Fund settlement value for the
purposes of calculating fees is $5,065,067.00 with 60% ($3,039,040.00) being allocated to
non-Fund damages and 40% ($2,026,027.00) being allocated to Fund damages, and the
sliding scale attorneys' fees after the deduction of disbursements in the amount of
$41,058.00 is $652,401.00 based upon Judiciary Law 404-A with $391,441.00 of this fee
allocated to the non-Fund portion of the settlement and $260,960.00 of this fee allocated to
the Fund portion of the settlement. The total cash/annuity settlement value of this matter is
$3,300,000.00 which represents the non-Fund portion of the settlement amount of
$3,039,040.00 plus the proportionate attorneys' fees on the Fund portion of settlement in
the amount of $260,960.00. The percentage of fees is 12.985665% of the total Fund
settlement value, and it is further,

ORDERED, that subsequent to the United States' receipt of (1) this Infant's
Compromise Order, duly issued by this Court, together with the duly executed U.S.
Stipulation, appended hereto as Exhibit A; (2) a final determination by the Fund that H.S. is
covered by said Fund and that her future medical care costs will be paid by the Fund; (3)
approval of the settlement by the Attorney General of the United States or his designee; (4)
the Social Security number or tax identification number of the Plaintiffs and their attorneys,
and (5) an Order, as specified in the U.S. Stipulation and in the form appended hereto as
Exhibit D, dismissing this Action with prejudice, counsel of record for the United States shall
submit the request to the Health Resources and Services Administration to have One Million

Four Hundred Thousand Dollars ($1,400,000.00), be paid to Plaintiffs, through their attorneys, to be distributed as follows:

    a.    The sum of $252,401.00 will be paid to the law firm of Kramer, Dillof, Livingston & Moore for part of its legal fee;

    b.    The sum of $41,058.00 will be paid to the law firm of Kramer, Dillof, Livingston & Moore for disbursements in this matter;

    c.    The sum of $706,539.00 will be paid to the trust account of Kramer, Dillof, Livingston & Moore, for the payment of liens and pending creation of a trust for H.S.;

    d.    The sum of $350,000.00 will be paid to Rose and Joel Spitzer for their loss of services claim;

    e.    The sum of $5,875.00 will be paid to Jay Sangerman for the creation of The H.S. Trust as per the attached Exhibit E;

    f.    The sum of $1,237.00 will be paid to The H.S. Trust; and

    g.    The sum of $42,890.00 will be paid to Orange County Department of Social Services for the full and final satisfaction of the Medicaid lien on behalf of H.S., an infant;

ORDERED, that subsequent to Nyack Hospital's receipt of (1) this Infant's Compromise Order, duly issued by this Court, together with the duly executed Nyack Stipulation, appended hereto as Exhibit B; (2) General Release as to Nyack Hospital with tortfeasor language (3) Waiver of CPLR § 5003-A to the extent that the settlement amount will be paid no later than 60 days after receipt by defense counsel of all required settlement

documents; (4) Hold Harmless Agreement; (5) Settlement Agreement; (6) Stipulation of Discontinuance; (7) Duly executed W-9 form for plaintiff's counsel, referencing Tax Identification Number: (8) Letter from Orange County Department of Social Services indicating any lien amount for infant plaintiff, H.S. referencing the date of incident as of July 5, 2016; (9) Affidavit from plaintiffs that they have never applied nor received Medicare on behalf of the infant plaintiff H.S.; One Million Nine Hundred Thousand Dollars ($1,900,000.00), will be paid to Plaintiffs, through their attorneys, to be distributed as follows within 60 days:

      a.    The sum of $400,000.00 will be paid to the law firm of Kramer, Dillof, Livingston & Moore for part of its legal fee;

      b.    The sum of $1,500,000.00 made payable to MetLife Assignment Company, Inc., to fund an annuity for the benefit of H.S., which will provide the following future periodic payments payable to The H.S. Trust:

           i.    Period Certain Annuity- $300,000.00 payable annually guaranteed for 5 years beginning on 07/05/2034 with the last guaranteed payment on 07/05/2038.

           ii.    Guaranteed Lump Sum: $618,024.70 payable on 07/05/2038

           iii.    Annuity Issuer: Metropolitan Tower Life Insurance Company

           iv.    Assignee Company: MetLife Assignment Company, Inc.,

The annuity contract will be issued by Metropolitan Tower Life Insurance Company which is licensed to do business in the State

of New York. Nyack Hospital and/or Nyack Hospital's insurers/representatives will assign

obligation to make future periodic payments to MetLife Assignment Company, Inc., per IRC

Section 130. Metropolitan Tower Life Insurance Company agrees to guarantee all future

periodic payment obligations of the Assignee, MetLife Assignment Company, Inc. The

guarantee will be issued with the contract. They are rated A+ by A.M. Best.

ORDERED, that in the event H.S. should die before receiving all future periodic

payments set forth above, the remaining payments shall be made to her Estate, or to any

such person or persons that she may designate in writing upon reaching the age of majority;

and it is further;

ORDERED, that the future payment amounts outlined above are guaranteed based

upon a projected annuity purchase date of 10/31/2021. If the defendant Nyack Hospital

and/or its insurers/representatives are unable to fund the annuity by this funding date due

to the date of this Order's execution, any resultant delay in funding the annuity may result in

a delay of the payment dates, or change in the payment amounts that shall be recorded in

the settlement agreement and release, qualified assignment document and annuity contract

without the need of obtaining an amended Court Order; and it is further;

ORDERED, that no part of the sum being paid by the defendant Nyack Hospital's

insurer to provide future periodic payments as set forth in this Order may be paid directly to

Plaintiffs, inasmuch as the Court has determined that a structured settlement is being paid in

the best interest of H.S. and that said periodic payments constitute damages on account of

physical injury or physical sickness in a case involving physical injury or physical sickness

within the meaning of Section 104 (a)(2) and 130 (c) of the Internal Revenue Code and upon

payment by defendant Nyack Hospital for said annuity it is no longer obligated for any future annuity payments whatsoever, and it is further;

ORDERED, that none of the above-described obligors and guarantors, nor the infant, nor the guardian, nor any payee may sell, assign, pledge transfer of encumber the annuity benefits herein above described or take any other action to defeat or impair the intent of this Court to provide to the plaintiff the payments herein above set forth, absent a further order of the Court; and it is further,

ORDERED, that Rose Spitzer and Joel Spitzer with an address of 20 Fillmore Court, Apt 302, Monroe, New York 10950, as Individual Co-Trustees, and Comerica Trust Company, as Corporate Trustee, with license to do business in New York and with fiduciary powers in the State of New York, with an address for the transaction of 230 Park Avenue, Suite 634, New York, New York, 10169, are hereby appointed co-trustees of The H.S. Trust, as per attached Exhibit F, and it is further,

ORDERED, that Comerica Trust Company as Corporate Trustees shall receive a fee of 1% of The H.S. Trust's assets, as may be prospectively modified by the Court, consisting of an investment advisor with Morgan Stanley fee which is 0.50% and a fee of 0.50% for the trust administration of The H.S. Trust, and it is further,

ORDERED, that all said terms hereby in The H.S. Trust are incorporated by reference herein to the extent the terms do not conflict with any provision of this Order, the Fund or subsequent Order of the Court; and it is further,

ORDERED, that the Trustees of The H.S. Trust do not have the authority to pay for further medical expenses covered by the Fund; and it is further,

ORDERED, that the filing of a bond is not required due to a corporate co-trustee with adequate fiduciary insurance coverage being established, and it is further,

ORDERED, that, if H.S., an infant, is unable to provide for personal needs and/or property management and cannot adequately understand and appreciate the nature or consequences of such inability, at least three months before the infant's eighteenth (18th) birthday, then Rose Spitzer and Joel Spitzer parents and natural guardians shall apply to the court of competent jurisdiction to become H.S.'s adult guardian of her person and property; and it is further,

ORDERED, that the filing of a bond be dispensed with in accordance with the applicable provisions of law; and it is further,

ORDERED, that in accordance with the U.S. Stipulation, any claim against any Defendant besides the United States (including but not limited to Nyack Hospital and Mahmoud Ibrahim, M.D., collectively, "the non-Government Defendants") that is premised on vicarious liability for the alleged conduct of the United States (including but not limited to the U.S. Department of Health and Human Services, Ezras Choilim Health Center, Inc., and any agents, servants, or employees thereof) and its employees on account of the alleged facts, events, incidents, circumstances, or injuries giving rise to or referred to in this action, is hereby dismissed with prejudice; and it is further

ORDERED, that within thirty (30) days from the date that the Attorney General or the Attorney General's designee approves the terms and conditions of the settlement, Plaintiffs must submit at their expense, to this Court a proposed Order dismissing the cause of action against the United States in its entirety with prejudice, with each side bearing its own costs,

expenses, and fees, and with the Court not retaining jurisdiction over the settlement or the

United States.  The proposed order shall be in the form appended hereto as Exhibit C; and it

is further

ORDERED, that upon entry of the aforementioned Order from this Court dismissing

this cause of action against the United States in its entirety with prejudice, with each side

bearing its own costs, expenses, and fees, and with the District Court not retaining

jurisdiction over this settlement or the United States, and upon the satisfaction of all other

conditions stated in the U.S. Stipulation, the United States will tender the non-Fund damages

with the terms and conditions set forth in the U.S. Stipulation.


Dated: White Plains, New York
       *October 7*, 2021


_____
HON. CATHY SEIBEL
United States District Judge

# EXHIBIT

# A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

H.S., an Infant by her Parents and Natural
Guardians, ROSE SPITZER and JOEL
SPITZER, and ROSE SPITZER and JOEL
SPITZER, Individually,

                    Plaintiffs,

       v.

UNITED STATES OF AMERICA and
NYACK HOSPITAL,

                  Defendants.

19 Civ. 00015 (CS)

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned Plaintiffs (meaning any person, other than the defendant and the parties' attorneys, signing this agreement waiving and releasing claims, whether or not a party to this civil action), and the Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively, "the parties," by and through their respective attorneys, as follows:

1.     The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

2.     This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)

employees, and it is specifically denied that they are liable to Plaintiffs.   This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3.      In consideration for the Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay Plaintiffs the amount of One Million Four Hundred Thousand Dollars ($1,400,000.00) (hereinafter "Settlement Amount") as follows:

a.      Within five business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) the Social Security numbers or tax identification numbers of Plaintiffs and Plaintiffs' attorneys; (3) Order(s) approving the settlement, and authorizing an individual or entity to sign, on behalf of any minor or legally incapacitated adult; (4) a final determination by the New York State Medical Indemnity Fund (hereinafter, the "Fund") that H.S. is covered by said Fund and that her future medical care costs will be paid by the Fund; and (5) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will submit a request to the Health Resources and Service Administration, Department of Health and Human Services, requesting an electronic funds transfer ("EFT") for the Settlement Amount, made payable to "Kramer, Dillof, Livingston & Moore, Esq. Attorney Trust Account." Plaintiffs' attorney agrees to distribute the Settlement Amount to Plaintiffs, in accordance with the terms and conditions of this Stipulation.

b.      With respect to the payment of the Settlement Amount, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)

Settlement Amount into a qualified settlement fund or an equivalent fund or account, settlement preservation trust, or special or supplemental needs trust.   Plaintiffs further stipulate and agree that Plaintiffs, Plaintiffs' attorney(s), any Guardian Ad Litem, and Plaintiffs' representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Settlement Amount in any way, form, or manner, including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent.   However, nothing in this Paragraph 3.b. precludes Plaintiffs from purchasing non-qualified annuities after Plaintiffs have received the Settlement Amount, but Plaintiffs agree not to represent to any person, entity, or agency that Plaintiffs are purchasing qualified structured settlement annuities and Plaintiffs agree not attempt to purchase such structured settlement annuities.

c.      Plaintiffs stipulate and agree that their attorney shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including any such liens or claims by Medicaid or Medicare, arising out of the subject matter that gave rise to the above-referenced civil action, whether disputed as legally valid or not, and shall not distribute to Plaintiffs any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

d.      The parties agree that any attorneys' fees owed by Plaintiffs relating to this Federal Tort Claims Act matter shall not exceed twenty-five percent (25%) of the Settlement Amount.   28 U.S.C. § 2678.   The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses incurred in bringing the above-referenced action, and their costs, expenses, and fees (including all fees if any legal Guardian Ad Litem) associated with obtaining

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)
Page **3** of 16

court approval of this settlement on behalf of any minor, incompetent adult, or estate required to sign this Stipulation, shall be paid out of the Settlement Amount, and not in addition thereto. The parties agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes or in obtaining a final determination by the Fund, shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

      4.      In consideration of the United States agreeing to settle this action on the terms and conditions set forth herein, Plaintiffs and Plaintiffs' guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns hereby agree to:

      a.      Accept the settlement and the payment of the Settlement Amount in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of H.S., or damage to property, and the consequences thereof, which Plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States on account of the subject matter of that gave rise to the above-captioned action.

      b.      Release and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiffs have had, now have or hereafter may have with respect to the same subject matter that gave rise to the above-captioned

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)
Page **4** of **16**

action, as well as claims relating to or arising out of the subject matter that gave rise to the above-captioned action that could have been but were not alleged in this action.

         ·     c.     Reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

         d.     Accept legal responsibility for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid (including the State of New York), and Medicare, arising from the injuries that are the subject matter of this action.   Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity.   Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim.   The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorney representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

*H.S., et al. v. United States of America, et al.,* No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)
Page **5** of 16

e.    Obtain a final determination by the Fund that H.S. is covered by said Fund and that her future medical care costs will be paid by the Fund.   In furtherance of this agreement, Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby further agree to apply H.S. for enrollment in the Fund by submitting a complete and accurate application for enrollment and any other documentation or information required for enrollment and by signing any documentation required for enrollment.   In the event H.S. is enrolled and accepted in the Fund, Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby further agree that they will submit any documentation or information, and sign any documentation, required to maintain her enrollment in the Fund.   In addition, in seeking Court approval of this settlement on behalf of H.S., Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby stipulate and agree to request that the Court find and hold that H.S. has sustained a "birth-related neurological injury;" that s/he is a "qualified plaintiff" as defined under N.Y. Pub. Health L. §§ 2999-(h)(1) and (h)(4); and that s/he is therefore eligible for enrollment in the Fund.   Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby further agree that, solely for the purpose of H.S.'s enrollment in the Fund, the Settlement Amount of $1,400,000.00 to be paid by the United States pursuant to this Stipulation shall be for non-Fund damages (i.e., past medical expenses, pain and suffering, lost earnings) and that the anticipated Fund damages (i.e., future medical expenses) shall be Two Million Twenty-Six Thousand and Twenty-Seven Dollars ($2,026,027.00). Including the settlement amount to be paid by co-defendant Nyack Hospital for non-Fund damages in the amount of $1,900,000 in cash and annuities (pursuant to a separate stipulation between Nyack Hospital and Plaintiffs), the total settlement amount, including both Fund and non-Fund damages is Five Million Three Hundred

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)

Twenty-Six Thousand and Twenty-Seven Dollars ($5,326,027.00).   Three Hundred fifty

thousand dollars ($350,000.00) of the Settlement Amount must be given to Rose Spitzer and Joel

Spitzer for their loss of services claim, pursuant to General Obligations Law ("GOL") § 15-108.

Plaintiffs and their successors, heirs, executors, administrators, and assigns further agree to

provide the United States with a copy of Fund's written determination within ten (10) business

days of receipt of the notice of the determination. In the event the Fund does not accept H.S. for

enrollment and coverage, Plaintiffs and their successors, heirs, executors, administrators, and

assigns further agree to appeal or request a review of the Fund's determination, to the extent such

rights of appeal or review are available under the law.   In the event the final determination of the

Fund is to reject H.S. for enrollment, the parties stipulate and agree that the aforementioned

"non-Fund damages" and "Fund damages" amounts are not binding on any party and shall be

considered compromise offers and negotiations for purposes of Rule 408 of the Federal Rules of

Civil Procedure, and therefore the parties agree that they will not offer or use these damages

amounts for any other purpose.

     5.    This compromise settlement is specifically subject to each of the following

conditions:

     a.    The Attorney General or the Attorney General's designee must approve

the terms and conditions of the settlement and authorize the attorney representing the United

States to consummate a settlement for the amount and upon the terms and conditions agreed

upon by the parties, as set forth in this Stipulation.

     b.    The parties must agree in writing to the terms, conditions, and

requirements of this Stipulation.   The parties stipulate and agree that the Stipulation and the

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)

compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation.   The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void.   The parties must agree to the terms, conditions, and requirements of this Stipulation before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

          c.      Plaintiffs must obtain, at their expense, an Order from the United States District Court for the Southern District of New York (the "Court") approving the settlement on behalf of H.S. in the form attached as <u>Exhibit A</u>.   The terms of any such Order must be approved by the United States prior to the Order being submitted to the Court.   If any term of such Order is altered by the Court, the settlement is null and void unless the United States and Plaintiffs provide written consent to the change.   Plaintiffs agree to obtain such approval(s) in a timely manner: time being of the essence.   Plaintiffs further agree that the United States may void this settlement at its option in the event any such approval is not obtained in a timely manner.   In the event Plaintiffs fail to obtain such court approval, the entire Stipulation and the compromise settlement are null and void.   Plaintiffs must obtain such court Order before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

          d.      The Fund must accept H.S.'s application for enrollment and make a final determination that he is covered by the Fund and that the Fund will pay his future medical care costs.   The Plaintiffs must obtain such final determination by the Fund before the United States

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)

Page **8** of **16**

Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

        f.      Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the subject matter of the above-captioned action. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor. Before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee, Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.f., or (ii) a written representation by Plaintiffs' attorney stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of Plaintiffs' records and files, Plaintiffs and their attorney are unaware of any such potential tortfeasor.

        g.      Plaintiffs must obtain an order from the United States District Court for the Southern District of New York dismissing this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above-captioned action, this settlement, or the United States.

        h.      The payment of this settlement is subject to there being sufficient funds in the account established pursuant to 42 U.S.C. § 233(k) to pay the settlement in its entirety.

        6.      The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)

in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5
U.S.C. § 552a(b).

7.    Plaintiffs shall be solely responsible for full compliance with all applicable
Federal, state, and local tax requirements.   Plaintiffs execute this Stipulation without reliance
upon any representation by the United States as to tax consequences, and Plaintiffs agree that
they are responsible for the payment of all taxes that may be associated with this settlement.
Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to
taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount
proceeds.   Plaintiffs execute this Stipulation without reliance on any representation by the
United States as to the application of any such law.   Plaintiffs, on behalf of themselves and their
guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and
successors in interest, understand and agree that this transaction may be reported to the Internal
Revenue Service and other government agencies in the ordinary course of the business of the
United States and may be subject to offset pursuant to the Treasury Offset Program.

8.    Plaintiffs represent that they have read, reviewed and understand this Stipulation,
and that they are fully authorized to enter into the terms and conditions of this agreement and
that they agree to be bound thereby.   Plaintiffs further acknowledge that they enter into this
Stipulation freely and voluntarily.   Plaintiffs further acknowledge that they have had sufficient
opportunity to discuss this Stipulation with their attorney, who has explained the documents to
Plaintiffs and that Plaintiffs understand all of the terms and conditions of this Stipulation.

9.    It is contemplated that this Stipulation may be executed in several counterparts,
with a separate signature page for each party.   All such counterparts and signature pages,

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)

together, shall be deemed to be one document.

WHEREAS, the parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)
Page **11** of **16**

Executed this_____day of_____, 2021.

UNITED STATES OF AMERICA

By:     _____
       JENNIFER JUDE
       Assistant United States Attorney
       Attorney for Defendant,
       United States of America

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)

Page **12** of **16**

Executed this_____day of_____, 2021.

ATTORNEYS FOR PLAINTIFFS
KRAMER, DILLOF, LIVINGSTON & MOORE


By: _____
       CARMINE RUBINO
       Attorneys for Plaintiffs

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)
Page **13** of **16**

Executed this_____day of_____, 2021.

ROSE SPITZER, INDIVIDUALLY


_____
ROSE SPITZER

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)
Page **14** of **16**

Executed this_____day of_____, 2021.

JOEL SPITZER, INDIVIDUALLY


_____
JOEL SPITZER

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)
Page **15** of **16**

Executed this_____day of_____, 2021.

H.S., A MINOR

By:     _____

       ROSE SPITZER, Parent and Natural Guardian of H.S.

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)
Page 16 of 16

# EXHIBIT

# B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
H.S., an Infant by her Parents and Natural Guardians,
ROSE SPITZER and JOEL SPITZER, and ROSE
SPITZER and JOEL SPITZER, Individually

                      Plaintiffs,

           - against -

UNITED STATES OF AMERICA, MAHMOUD
IBRAHIM, M.D., and NYACK HOSPITAL,

                    Defendants.
-------------------------------------------------------------------- x

Index No.: 19-cv-00015 (LTS)

**SETTLEMENT AGREEMENT**

      IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective

parties who have been authorized by their respective clients, principals and/or insurers to enter into

this Settlement Agreement as follows:

      1.    No Admission of Liability.   The parties desire to enter into this Settlement

Agreement in order to provide for certain payments in full settlement and discharge of all claims,

whether based on direct or vicarious liability, that are or might have been the subject matter of the

action.  This settlement does not constitute any admission of liability by Defendant, NYACK

HOSPITAL, its insurer(s) or any other entity participating in the settlement.

      2.    Total Settlement Amount.  Subject to the following terms and conditions and those

in the accompanying and below-referenced closing papers, the action is settled in its entirety for

the total sum of $1,900,000.00 ("Total Settlement Amount"), inclusive of principal, liens, interests,

fees, disbursements, costs, expenses or other amounts of any type or nature.  If the parties agree to

a Structured Settlement, any premiums paid to fund the Structured Settlement will be refunded in

full in the event that the Court does not approve the settlement, or Plaintiff fails to sign the

255703607v1

Stipulation(s) of Discontinuance, Hold Harmless and General Release provided by the Defendant(s).

3.     CPLR 5003-a Waiver & Closing Papers.  Plaintiffs waive application of CPLR 5003-a. Payment of the Total Settlement Amount will be made no later than sixty (60 days after Defendant, NYACK HOSPITAL, receives a fully and properly executed  Stipulation of Discontinuance, General Release, Hold Harmless Agreements,  which documents in a form suitable to Defendant, NYACK HOSPITAL, will be supplied by Defendant, NYACK HOSPITAL, to Plaintiffs contemporaneously with this Settlement Agreement and whose terms are incorporated by reference into this Settlement Agreement, and a Court Ordered/Entered Compromise Order. Plaintiffs' counsel will provide Defendant's counsel with a draft of the aforementioned Compromise Order for review, input and approval at least ten days before presenting it to the Court.  Defendant's counsel will hold in escrow the Stipulation of Discontinuance pending Plaintiffs' receipt of payment of the Total Settlement Amount.

4.     Payment.  The proceeds for the Total Settlement Amount will be mailed as a check to "KRAMER, DILLOF, LIVINGSTON & MOORE, ESQS. as attorneys and Rose and Joel Spitzer as plaintiffs individually and for H.S." and payment of liens to be paid by the carrier for the Defendant Nyack Hospital.

5.     Medicare's Interests & Reporting.  This settlement is based upon a good faith determination of the parties in order to resolve a disputed claim.  The parties have resolved this matter in compliance with both state and federal law and it is believed that the settlement terms adequately consider Medicare's interest and do not reflect any attempt to shift responsibility of treatment to Medicare pursuant to 42 U.S.C § 1395y(b).

6. Any present or future action or decision by the Centers for Medicare & Medicaid Services ("CMS") or Medicaid on this settlement, or on Plaintiffs' eligibility or entitlement to Medicare or Medicaid payments, will not render this Settlement Agreement void or ineffective, or in any way affect the finality of the settlement.

7. Confidentiality. The parties agree not to disclose any of the terms or conditions of this Agreement, including but not limited to the negotiations which culminated in this Agreement, to any third party. If contacted regarding this matter by any third party, the parties agree to make no comment other than to state "there has been a mutually satisfactory settlement." Notwithstanding the provisions of this paragraph, the parties may disclose the terms of this Agreement to any court as necessary to effectuate or enforce this Agreement, or to the parties' legal advisers, accountants and spouses, or as otherwise required by law.

8. No Assignment. The parties represent and warrant that they have not assigned any of the claims released herein, including but not limited to any claims for attorneys' fees.

9. Governing Law. This Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York without giving effect to the conflicts of law principles thereof. Each of the parties hereto consents to the jurisdiction of the courts of the State of New York with respect to any claim or controversy arising hereunder.

10. Entire Agreement. This Settlement Agreement, together with the aforementioned Hold Harmless Agreement, constitutes the entire understanding among the parties with respect to its subject matter, and supersedes all prior agreements and representations, whether oral or written.

11. Amendments. This Settlement Agreement may be amended, changed, modified, waived, discharged or terminated only by an agreement in writing, signed on behalf of each of the parties hereto.

12.    Illegality or Unenforceability of Provisions.  In the event any one or more of the provisions contained in this Settlement Agreement or the accompanying and above-referenced closing papers shall for any reason be held by a court of competent jurisdiction in whole or in part to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision of this Settlement Agreement or the accompanying and above-referenced closing papers.

13.    Successors and Assigns.  This Settlement Agreement shall be binding on, and inure to the benefit of each of the parties and each of their respective heirs, successors and assigns.

14.    Construction of Agreement.   The parties acknowledge that this Settlement Agreement is the product of negotiations by parties represented by counsel of their choice and that the language of the Settlement Agreement shall not be presumptively construed either in favor of or against any party.

15.    Costs.  Each party agrees to pay all of its own costs associated with this Agreement, including without limitation its own attorneys' fees.  In the event of any breach of this Agreement, the prevailing party in any litigation or proceeding will be entitled to recover its costs and attorneys' fees.

16.    Headings.   The headings contained in this Settlement Agreement are for convenience of reference only, do not form a part of the Settlement Agreement, and in no way modify, interpret or construe the agreements and understandings of the parties.

17.    Signatures.  A facsimile or email transmission of this Settlement Agreement bearing one or more signatures may be treated, and shall have the same force and effect, as the original.

255703607v1

18.    New York State Medical Indemnity Fund ("MIF").   Within fifteen days of executing and entry of the Infant Compromise Order, Plaintiff will apply for enrollment into the New York State Medical Indemnity Fund under New York Public Health Law for provision of all future medical expenses.  Both parties will fully cooperate with each other for purposes of successfully enrolling Plaintiff in the MIF.  The MIF value of this settlement is $  5,065,067.00

Dated: _New York_New York
_August 16,_ 2021

KRAMER, DILLOF, LIVINGSTON &
MOORE, ESQS.

By: _____
    Carmine Rubino, Esq.
Attorneys for Plaintiff(s)
217 Broadway
New York, New York 10007
(212) 267-4177
Crubino@kdlm.com

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
    Alan Friedberg, Esq.
Attorneys for Defendant
NYACK HOSPITAL
1133 Westchester Avenue
White Plains, New York 10604
 (914) 323-7000
Our File No.: 22920.01119
Alan.friedberg@wilsonelser.com

255703607v1

6

# EXHIBIT

# C



# DEPARTMENT OF SOCIAL SERVICES

**Darcie M. Miller, LCSW-R**
*Commissioner*

**Irene E. Kurlander**
*Deputy Commissioner*

**Steven M. Neuhaus**
*County Executive*

Box Z, Quarry Road
Goshen, NY 10924
Tel: (845) 291-4000 ● Fax: (845) 291-4338
*www.orangecountygov.com*

May 13, 2021

**VIA EMAIL: cgjelaj@kdlm.com**

Kramer, Dillof, Livingston & Moore
217 Broadway
New York, NY 10007

**RE:  HENNY SPITZER**
     **D/A 07/05/2016**
     **FINAL**

To whom it may concern:

The final 104-b lien amount for Henny Spitzer for the above accident date is $42,890.00 ($42,890.00 Medicaid; $0 Public Assistance).  Directions on how to remit payment and closing documents is below.

**PLEASE MAKE CHECK PAYABLE TO: ORANGE COUNTY DEPT OF SOCIAL SERVICES**

Please mail check and closing documents to:
Orange County Department of Social Services
Attention:  Resources
Box Z - 11 Quarry Road
Goshen, NY 10924

Once payment and closing documents are received, a Satisfaction of Lien will be issued and our files closed accordingly. Should you have further questions, please contact me at (845) 291-4204 or via fax at (845) 291-4338 or email at Heidi.thurtle@dfs.state.ny.us.

With Kind Regards,

*Heidi Thurtle*
Heidi Thurtle
Account Clerk/Resources

Important Message
This material is intended for the use of the individual or entity to which it is addressed and may contain information that is confidential and exempt from disclosure by applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately at (845) 291-4000 or by fax to (845) 291-4201.