UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

H.S., an Infant by her Parents and Natural Guardians, ROSE SPITZER and JOEL SPITZER, and ROSE SPITZER and JOEL SPITZER, Individually,

Plaintiffs,

v.

UNITED STATES OF AMERICA and NYACK HOSPITAL,

Defendants.

19 Civ. 00015 (CS)

**ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS, on or about December 8, 2021, Plaintiffs H.S., an infant, by her parents and natural guardians Rose Spitzer and Joel Spitzer, and Rose Spitzer and Joel Spitzer, individually ("Plaintiffs"), and Defendant the United States of America ("the United States") entered into an agreement to settle and compromise each and every claim of any kind between them, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action;

WHEREAS, the complete and precise terms and conditions of the settlement are set forth in the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 (the "Stipulation"), attached hereto as Exhibit A;

WHEREAS, Plaintiffs and the United States (together, the "Settling Parties") entered into the Stipulation for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation;

WHEREAS, the Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or

employees, and the United States specifically denies that it is liable to Plaintiffs;

WHEREAS, pursuant to the terms of the Stipulation, Plaintiffs now request that the Court enter this Dismissal Order, as that term is defined in the Stipulation;

IT IS THEREFORE ORDERED that each of the Parties bears its own costs, expenses, and fees; and it is further

ORDERED that following its entry of this Order, the Court will not retain jurisdiction over the settlement between the United States and Plaintiffs or over the United States; and it is further

ORDERED, that the above-captioned cause of action against the United States is dismissed in its entirety with prejudice, with causes of action against the other Defendant remaining.

Dated: White Plains, New York
December 17, 2021

*Cathy Seibel*

HON. CATHY SEIBEL
United States District Judge

# EXHIBIT A

Case 7:19-cv-00015-CS Document 89-1 Filed 12/17/21 Page 4 of 19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

H.S., an Infant by her Parents and Natural
Guardians, ROSE SPITZER and JOEL
SPITZER, and ROSE SPITZER and JOEL
SPITZER, Individually,

           Plaintiffs,

  v.

UNITED STATES OF AMERICA and
NYACK HOSPITAL,

           Defendants.

19 Civ. 00015 (CS)

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned Plaintiffs (meaning any person, other than the defendant and the parties' attorneys, signing this agreement waiving and releasing claims, whether or not a party to this civil action), and the Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively, "the parties," by and through their respective attorneys, as follows:

1.    The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

2.    This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)

Page 1 of 16

employees, and it is specifically denied that they are liable to Plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. In consideration for the Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay Plaintiffs the amount of One Million Four Hundred Thousand Dollars ($1,400,000.00) (hereinafter "Settlement Amount") as follows:

a. Within five business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) the Social Security numbers or tax identification numbers of Plaintiffs and Plaintiffs' attorneys; (3) Order(s) approving the settlement, and authorizing an individual or entity to sign, on behalf of any minor or legally incapacitated adult; (4) a final determination by the New York State Medical Indemnity Fund (hereinafter, the "Fund") that H.S. is covered by said Fund and that her future medical care costs will be paid by the Fund; and (5) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will submit a request to the Health Resources and Service Administration, Department of Health and Human Services, requesting an electronic funds transfer ("EFT") for the Settlement Amount, made payable to "Kramer, Dillof, Livingston & Moore, Esq. Attorney Trust Account." Plaintiffs' attorney agrees to distribute the Settlement Amount to Plaintiffs, in accordance with the terms and conditions of this Stipulation.

b. With respect to the payment of the Settlement Amount, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)

Page 2 of 16

Settlement Amount into a qualified settlement fund or an equivalent fund or account, settlement preservation trust, or special or supplemental needs trust. Plaintiffs further stipulate and agree that Plaintiffs, Plaintiffs' attorney(s), any Guardian Ad Litem, and Plaintiffs' representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Settlement Amount in any way, form, or manner, including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3.b. precludes Plaintiffs from purchasing non-qualified annuities after Plaintiffs have received the Settlement Amount, but Plaintiffs agree not to represent to any person, entity, or agency that Plaintiffs are purchasing qualified structured settlement annuities and Plaintiffs agree not attempt to purchase such structured settlement annuities.

 c. Plaintiffs stipulate and agree that their attorney shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including any such liens or claims by Medicaid or Medicare, arising out of the subject matter that gave rise to the above-referenced civil action, whether disputed as legally valid or not, and shall not distribute to Plaintiffs any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

 d. The parties agree that any attorneys' fees owed by Plaintiffs relating to this Federal Tort Claims Act matter shall not exceed twenty-five percent (25%) of the Settlement Amount. 28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses incurred in bringing the above-referenced action, and their costs, expenses, and fees (including all fees if any legal Guardian Ad Litem) associated with obtaining

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)

Page 3 of 16

court approval of this settlement on behalf of any minor, incompetent adult, or estate required to sign this Stipulation, shall be paid out of the Settlement Amount, and not in addition thereto. The parties agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes or in obtaining a final determination by the Fund, shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

4. In consideration of the United States agreeing to settle this action on the terms and conditions set forth herein, Plaintiffs and Plaintiffs' guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns hereby agree to:

  a. Accept the settlement and the payment of the Settlement Amount in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of H.S., or damage to property, and the consequences thereof, which Plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States on account of the subject matter of that gave rise to the above-captioned action.

  b. Release and forever discharge the United States, and its respective officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiffs have had, now have or hereafter may have with respect to the same subject matter that gave rise to the above-captioned

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)

Page 4 of 16

action, as well as claims relating to or arising out of the subject matter that gave rise to the above-captioned action that could have been but were not alleged in this action.

        c.     Reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

        d.     Accept legal responsibility for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid (including the State of New York), and Medicare, arising from the injuries that are the subject matter of this action. Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity. Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorney representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)

e. Obtain a final determination by the Fund that H.S. is covered by said Fund and that her future medical care costs will be paid by the Fund. In furtherance of this agreement, Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby further agree to apply H.S. for enrollment in the Fund by submitting a complete and accurate application for enrollment and any other documentation or information required for enrollment and by signing any documentation required for enrollment. In the event H.S. is enrolled and accepted in the Fund, Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby further agree that they will submit any documentation or information, and sign any documentation, required to maintain her enrollment in the Fund. In addition, in seeking Court approval of this settlement on behalf of H.S., Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby stipulate and agree to request that the Court find and hold that H.S. has sustained a "birth-related neurological injury;" that s/he is a "qualified plaintiff" as defined under N.Y. Pub. Health L. §§ 2999-(h)(1) and (h)(4); and that s/he is therefore eligible for enrollment in the Fund. Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby further agree that, solely for the purpose of H.S.'s enrollment in the Fund, the Settlement Amount of $1,400,000.00 to be paid by the United States pursuant to this Stipulation shall be for non-Fund damages (i.e., past medical expenses, pain and suffering, lost earnings) and that the anticipated Fund damages (i.e., future medical expenses) shall be Two Million Twenty-Six Thousand and Twenty-Seven Dollars ($2,026,027.00). Including the settlement amount to be paid by co-defendant Nyack Hospital for non-Fund damages in the amount of $1,900,000 in cash and annuities (pursuant to a separate stipulation between Nyack Hospital and Plaintiffs), the total settlement amount, including both Fund and non-Fund damages is Five Million Three Hundred

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)

Page 6 of 16

Twenty-Six Thousand and Twenty-Seven Dollars ($5,326,027.00). Two dollars ($2.00) of the Settlement Amount must be given to Rose Spitzer and Joel Spitzer for their loss of services claim, pursuant to General Obligations Law ("GOL") § 15-108. Plaintiffs and their successors, heirs, executors, administrators, and assigns further agree to provide the United States with a copy of Fund's written determination within ten (10) business days of receipt of the notice of the determination. In the event the Fund does not accept H.S. for enrollment and coverage, Plaintiffs and their successors, heirs, executors, administrators, and assigns further agree to appeal or request a review of the Fund's determination, to the extent such rights of appeal or review are available under the law. In the event the final determination of the Fund is to reject H.S. for enrollment, the parties stipulate and agree that the aforementioned "non-Fund damages" and "Fund damages" amounts are not binding on any party and shall be considered compromise offers and negotiations for purposes of Rule 408 of the Federal Rules of Civil Procedure, and therefore the parties agree that they will not offer or use these damages amounts for any other purpose.

5. This compromise settlement is specifically subject to each of the following conditions:

a. The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in this Stipulation.

b. The parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The parties stipulate and agree that the Stipulation and the

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)

Page 7 of 16

compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The parties must agree to the terms, conditions, and requirements of this Stipulation before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

    c. Plaintiffs must obtain, at their expense, an Order from the United States District Court for the Southern District of New York (the "Court") approving the settlement on behalf of H.S. in the form attached as Exhibit A. The terms of any such Order must be approved by the United States prior to the Order being submitted to the Court. If any term of such Order is altered by the Court, the settlement is null and void unless the United States and Plaintiffs provide written consent to the change. Plaintiffs agree to obtain such approval(s) in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event any such approval is not obtained in a timely manner. In the event Plaintiffs fail to obtain such court approval, the entire Stipulation and the compromise settlement are null and void. Plaintiffs must obtain such court Order before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

    d. The Fund must accept H.S.'s application for enrollment and make a final determination that he is covered by the Fund and that the Fund will pay his future medical care costs. The Plaintiffs must obtain such final determination by the Fund before the United States

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)

Page 8 of 16

Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

  f. Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the subject matter of the above-captioned action. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor. Before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee, Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.f., or (ii) a written representation by Plaintiffs' attorney stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of Plaintiffs' records and files, Plaintiffs and their attorney are unaware of any such potential tortfeasor.

  g. Plaintiffs must obtain an order from the United States District Court for the Southern District of New York dismissing this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above-captioned action, this settlement, or the United States.

  h. The payment of this settlement is subject to there being sufficient funds in the account established pursuant to 42 U.S.C. § 233(k) to pay the settlement in its entirety.

  6. The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)
Page 9 of 16

in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

7. Plaintiffs shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements. Plaintiffs execute this Stipulation without reliance upon any representation by the United States as to tax consequences, and Plaintiffs agree that they are responsible for the payment of all taxes that may be associated with this settlement. Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds. Plaintiffs execute this Stipulation without reliance on any representation by the United States as to the application of any such law. Plaintiffs, on behalf of themselves and their guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

8. Plaintiffs represent that they have read, reviewed and understand this Stipulation, and that they are fully authorized to enter into the terms and conditions of this agreement and that they agree to be bound thereby. Plaintiffs further acknowledge that they enter into this Stipulation freely and voluntarily. Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this Stipulation with their attorney, who has explained the documents to Plaintiffs and that Plaintiffs understand all of the terms and conditions of this Stipulation.

9. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages,

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)

Page 10 of 16

together, shall be deemed to be one document.

WHEREAS, the parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)

Page 11 of 16

Executed this __9th__ day of __December__, 2021.

UNITED STATES OF AMERICA

By: _____
JENNIFER JUDE
Assistant United States Attorney
Attorney for Defendant,
United States of America

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)

Executed this 3rd day of August, 2021.

ATTORNEYS FOR PLAINTIFFS
KRAMER, DILLOF, LIVINGSTON & MOORE

By: _____
CARMINE RUBINO
Attorneys for Plaintiffs

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)

Page 13 of 16

Executed this 3rd day of August, 2021.

ROSE SPITZER, INDIVIDUALLY

*Rose Spitzer*
ROSE SPITZER

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)

Page 14 of 16

Executed this 3rd day of August, 2021.

JOEL SPITZER, INDIVIDUALLY

*Joel Spitz*

JOEL SPITZER

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)

Page 15 of 16

Executed this __3rd__ day of __August__, 2021.

---

H.S., A MINOR

By: _____
ROSE SPITZER, Parent and Natural Guardian of H.S.

*H.S., et al. v. United States of America, et al.*, No. 19 Civ. 00015 (CS) (S.D.N.Y.)
Stipulation for Compromise Settlement and Release
(July 6, 2021)

Page 16 of 16